J. Phillip Zand, Esq. Village Attorney, New Paltz
You ask whether there is a chain of command to be followed in the event of a disagreement between the fire and police departments over the handling of an incident, caused by overlapping of jurisdictions. The specific incident which gave rise to this inquiry involved the collision of two motorcycles, one of which became completely engulfed in flame. The fire department responded to the incident and proceeded to extinguish the fire. Subsequently, the fire chief ordered his men to spray the other motorcycle to prevent it from exploding. At that point, a police officer arrived at the scene and countermanded the fire chief's order, claiming it was necessary to preserve the motorcycle intact for his investigation of the collision. The question presented is whether the officer was authorized to countermand the fire chief's order.
The primary function of a fire department is that of fire protection and fire prevention, including extinguishing fires and ensuring that the premises are free from immediate danger of fire and safe for occupancy (1981 Op Atty Gen [Inf] 106; 1958 Op Atty Gen [Inf] 52). This is the essence of the fire-fighting function. The chief of a fire department, who has exclusive control of the firemen and fire-fighting apparatus at the scene of a fire (Town Law, § 176-a[1]; Village Law, §10-1018), is charged with the duty of seeing that the fire-fighting function is carried out at a fire. The duties of a police department may generally be described as maintaining peace and order, preventing and detecting crime, including the apprehension of suspected criminals, and enforcing the law (People v Cameron, 73 Misc.2d 790 [Sup Ct, New York Co, 1973]; McQuillin, Municipal Corporations, 3d Edition, 1979, §§ 45.06, 45.15). In carrying out their respective functions, these jurisdictions may, under a given set of circumstances, overlap. For example, a police officer as well as the fire chief of a fire department each have jurisdiction to investigate the cause of a fire or explosion which the department has been called to suppress (see, General Municipal Law, § 204-d). Additionally, policemen as well as firemen each have jurisdiction in circumstances involving an imminent danger created by an explosion, or threat of explosion (see, Penal Law § 195.15[2]).
The precise point at which fire-fighting jurisdiction yields to police jurisdiction, and, conversely, police jurisdiction to fire-fighting jurisdiction, cannot be determined with any degree of precision as there are no hard and fast rules governing this issue. Jurisdiction in a given situation will necessarily be dependent upon the circumstances of the particular case.
In our opinion reported in 1981 Op Atty Gen (Inf) 106, we stated:
 "A fire alarm commences a train of events that cannot be averted by many who are involved. Normal authority and individuals usually in control of areas and activities are suddenly relegated to a minor role or even excluded from participation. The fighting of fires to avoid catastrophic consequences is so fundamental a protection to society that the fire fighting force is in absolute command at the scene of a fire emergency. Firefighters may enter any premises and building to find and fight a fire there or on nearby property. They may enter where necessary and by the use of force if a suitable or open entryway is not available. The urgency of the event brooks no delay. A person in charge of premises, such as a school principal * * * cannot prevent firefighters from entering a school if an alarm of fire at the school has been received. The firefighters must stay at the scene until their officers have determined that the fire is out. The premises cannot be occupied until the fire fighting force finds them safe for occupancy. Until a determination of safety has been made by the fire chief or his designee, the school principal has no authority in the premises." (Emphasis supplied.)
See also 1958 Op Atty Gen (Inf) 52, in which we concluded that a fire department, when responding to a fire call from a school within its jurisdiction, is in charge of fighting the fire, under the supervision of the chief.
We believe that the incident in question, which involved an actual fire and threat of explosion associated with that fire, was during the pendency of the fire and threat of explosion, a fire emergency over which the fire department had absolute command (1981 Op Atty Gen, supra). In our opinion, the immediacy of the danger created by the threat of explosion compels the conclusion that, with respect to this specific incident, the fire-fighting function takes precedence over the police investigative function. We believe that, until such time as the fire chief determined that the area was free from immediate danger of fire or explosion and safe for occupancy, the police department had no authority to commence its investigation (ibid.).
This conclusion is, of necessity, strictly limited to the specific factual context which has been presented. We do not therefore express any view as to whether there may be other circumstances under which police investigative jurisdiction would supersede fire department jurisdiction. Such determinations must be made on a case-by-case basis.
We conclude that in instances of concurrent police department and fire department jurisdiction, the determination as to which of the two has primary jurisdiction over the event in question is dependent upon the circumstances of the particular case. In general, a fire department is in absolute command at the scene of a fire emergency until such time as, in the judgment of the fire chief, the premises are free from immediate danger of fire or explosion and safe for occupancy.